UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAUSUNDA SHELTON, as next friend of Eric Shelton and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 06 C 2323<br>) Judge Blanche M. Manning |
| LONG BEACH MORTGAGE COMPANY, and FIRST CAPITAL MORTGAGE COMPANY | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**I.  Background**

Plaintiff Kausunda Shelton, as next friend of Eric Shelton, brings this action against Long Beach Mortgage Company ("Long Beach") and First Capital Mortgage Corporation ("First Capital") alleging violations of the Real Estate Settlement Practices Act ("RESPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") against each of the defendants as well as a violation of the Truth in Lending Act ("TILA") against Long Beach.  Specifically, the counts are as follows: Count I (against Long Beach–payment of kickback in violation of RESPA); Count II (against First Capital–receipt of kickback in violation of RESPA); Count III (against both defendants–violation of the Consumer Fraud Act); and Count IV (class action claim against Long Beach–violation of TILA).

In a nutshell, Kausunda alleges that Long Beach and First Capital entered into a scheme by which First Capital paid and Long Beach received illegal kickbacks in exchange for First Capital referring mortgage business to Long Beach.

First Capital moves to dismiss the action on the following grounds: (a) a presently pending state court action requires abstention under *Colorado River*;[1] (b) Kausunda lacks standing to bring claims as a next friend; and (c) Kausunda failed to plead fraud with particularity. Long Beach moves to dismiss on the following grounds: (a) Kausunda lacks standing to bring claims as a next friend; (b) Counts I and IV for failure to state a claim under Fed. R. Civ. P. 12(b)(6) ; and, (c) Counts I and III fail to plead fraud with particularity under Fed. R. Civ. P. 9(b).

In ruling pursuant to Fed. R. Civ. P. 12(b)(6), the court assumes the truth of all well-plead factual allegations in the complaint, construing allegations liberally and viewing them in the light most favorable to the non-moving party. *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992); *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993). Dismissal is properly granted if it is clear that no set of facts which plaintiff could prove consistent with the pleadings would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991). The court will not dismiss a complaint unless it is clear that there is no set of facts on which a plaintiff could recover on a claim. *Freiburger v. Emery Air Charter*, 795 F.Supp. 253, 259 (N.D. Ill. 1992).

**II.    Analysis**

Because the standing issue goes to this court's jurisdiction, the court will address it first.

<u>Standing</u>

---

[1] While First Capital frames the motion as one to dismiss, the court construes it as one to abstain and stay rather than dismiss. *See CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851-52 (7th Cir. 2002) (when abstaining in favor of a parallel case, federal court should stay rather than dismiss its case).

Both defendants challenge Kausunda's standing as the next friend of Eric, the real party in interest. Kausunda alleges in the complaint that Eric was shot in the head in 1996 and is unable to care for himself. She further alleges that Eric is permanently physically and mentally impaired and is "unable to fully appreciate contractual obligations or to fully or freely communicate with others." According to the complaint, Kausunda resides in Chicago and is Eric's sister and caretaker. She has, for the past eight years, been the payee of Eric's social security income benefits and handles his financial affairs.

Fed. R. Civ. P 17(c) (emphasis added) states in part:

> **Infants or Incompetent Persons**. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. *An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. . . .*

1. *Kausanda as "next friend"*

A next friend must meet three criteria. The next friend must: (1) provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability--as to why the real parties in interest cannot bring the suit themselves, (2) be dedicated to the claimant's best interests, and (3) have some significant relationship with the claimant. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1989).[2] In addressing the next friend issue, the Seventh Circuit stated:

> Bearing in mind the considerations that we have discussed, and the almost complete lack of authority on the question, we think the proper rule is that the

---

[2]Although the last factor was not stated by the Supreme Court as an explicit requirement to attain next friend status, it was suggested as a factor and the Seventh Circuit appears to have adopted it. *Enk v. Brophy*, 124 F.3d 893, 897 (7th Cir. 1997) ("It follows, as the Court suggested in the *Whitmore* case, that not just anyone who expresses an interest in the subject matter of a suit is eligible to be the plaintiffs' next friend–that he 'must have some significant relationship with the real party in interest.'") (citation omitted).

> next friend must be an appropriate alter ego for a plaintiff who is not able to litigate in his own right; that ordinarily the eligibles will be confined to the plaintiff's parents, older siblings (if there are no parents), or a conservator or other guardian, akin to a trustee; that persons having only an ideological stake in the child's case are never eligible; but that if a close relative is unavailable and the child has no conflict-free general representative the court may appoint a personal friend of the plaintiff or his family, a professional who has worked with the child, or, in desperate circumstances, a stranger whom the court finds to be especially suitable to represent the child's interests in the litigation.

*Enk*, 124 F.3d at 897.

*Adequate explanation why Eric cannot bring the suit himself.* As to the initial prong, the defendants take issue with Eric's competency, though the court is not quite certain what the defendants are arguing in this respect. While Long Beach initially asserts that "[n]othing in the Complaint suggests that Mr. Shelton has ever been deemed incompetent for any purpose," its reply only contends that the complaint "does not allege that Eric Shelton actually is incompetent." Similarly, First Capital argues in its opening motion to dismiss that the complaint "fails to allege that Eric Shelton is incompetent." In its reply, First Capital asserts that Kausunda lacks standing to assert her brother's rights because "[s]he has failed to allege that Eric Shelton is disabled which is necessary for her to bring suit as a next friend under Rule 17." Reply at 3.[3] Ultimately, the court construes Long Beach and First Capital's objections as an argument that Kausunda has failed to meet her burden of establishing her status as "next friend." *Whitmore*, 495 U.S. at 164 ("The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.").

As already noted, "one necessary condition for 'next friend' status in federal court is a

---

[3]However, it appears that this argument is related to First Capital's argument in its opening brief that Kausunda has not been appointed Eric's legal guardian (which argument the court has rejected below).

showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore*, 495 U.S. at 165. Here, the allegations in Kausunda's complaint indicate, as noted above, that Eric is unable to litigate this case due to mental incapacity. According to Kausunda's allegations, Eric was shot in the head eight years ago and Kausunda has been the payee on Eric's social security disability payments since that time. Further, she has been Eric's financial and physical caretaker for the past 8 years. Moreover, Kausunda notes in her response that a judge in a foreclosure action by Long Beach against Eric, pending in the Circuit Cook of Cook County Chancery Division, granted leave to Kausunda to act as Eric's guardian in defending the foreclosure action.[4]

 All this being said, however, the court must satisfy itself that Kausunda is properly asserting her status as next friend. *Ross ex rel. Dunham v. Lantz*, 408 F.3d 121 (2nd Cir. 2005)("For the federal courts to have jurisdiction over this petition for a writ of habeas corpus, then, Donna Dunham, purporting to be, in legal parlance, petitioner Ross's 'next friend,' must establish that she is legally that, and therefore that she has standing to bring the petition on his behalf."). Accordingly, the court will schedule a status hearing to discuss with the parties how to

---

[4]Long Beach asserts that the fact that an Illinois state court granted leave to Kausunda to act as Eric's guardian in the foreclosure action is "irrelevant" because that judge did not consider the Federal Rules of Civil Procedure in granting leave to Kausunda and the issues are more complex and the stakes higher in the instant case. Long Beach goes on to assert that "[t]he determination in this purported class action necessarily involves a more complex analysis." Long Beach Reply at 3 n.2. But Kausunda is not representing Eric as his attorney; rather, she is acting as the nominal party for Eric, the real plaintiff in interest. Moreover, Long Beach has failed to point to any authority for the proposition that the complexity of the legal principles at issue affect the determination of the suitability of a person to act as a next friend.

proceed on this matter.[5]

In the interest of completeness the court notes that defendants' argument that Eric entered into the real estate transaction at issue, and, therefore must be competent, is not well-taken. As an initial matter, it is contradicted by the allegations in the complaint that he is mentally impaired and is not able to "fully appreciate" contractual obligations. Further, as noted above, the allegations of Kausunda's state court complaint are essentially that First Capital and the individual defendants defrauded Eric knowing that he could not fully appreciate the consequences of entering into a contract to purchase and own real estate. Thus, the defendants' reliance on the fact that he entered into a real estate transaction as to which he is alleging fraud is not persuasive.

*Dedicated to claimant's best interests and significant relationship requirements.* As to the last two elements, the court finds that these have been satisfied. The defendants have provided no indication that Kausunda is not dedicated to Eric's best interests. Indeed, the fact that she is litigating these cases on Eric's behalf and has been taking care of him financially and

---

[5] As an aside, the court notes that it appears that under Rule 17(c), mental competency is determined by reference to the law of the party's domiciliary state--here, Illinois. *Thomas v. Humfield*, 916 F.2d 1032, 1034-35 (5th Cir. 1990)("Thus, in the context of someone seeking to pursue litigation in federal court on his own behalf, we interpret the term "incompetent person" in Rule 17(c) to refer to a person without the capacity to litigate under the law of his state of domicile and, hence, under Rule 17(b) [which provides in relevant part that "[t]he capacity of an individual, other than one acting in a representative capacity, to sue shall be determined by the law of the individual's domicile."]."). However, it does not appear that the court must resort to Illinois procedures to determine competency. *Id*. at 1035 (rejecting "the notion that in determining whether a person is competent to sue in federal court a federal judge must use the state's procedures for determining competency or capacity" and stating that "a federal procedure better preserves the integrity and interests of the federal courts," and the district court "may apply any procedure that meets the requirements of due process."). Thus, it appears that Illinois law would govern the determination of Eric's competency to represent himself.

physically for the past eight years indicates to this court that she is dedicated to his best interests. Finally, Kausunda has alleged that she has a significant relationship with her brother given that she is his sister and has taken care of his financial affairs for the past eight years.

A couple of other points must be addressed. First, both defendants appear to challenge the fact that Kausunda has not been appointed by the court as a next friend. But appointment is not necessary. *Enk*, 124 F.3d at 894 ("The court does not usually appoint a next friend; it is usually the next friend who has taken the initiative in suing on the child's behalf; but appointed or not, he can be challenged as not being a suitable representative, just as a guardian ad litem can be.")(citations omitted).[6] *See also Ingram v. Ainsworth*, 184 F.R.D. 90, 92 (S.D. Miss. 1999)("The district court is authorized to appoint a next friend *or to allow a self-appointed individual to serve as a next friend in order to protect the interests of the incompetent party*.")(emphasis added). Indeed, the defendants do not seem to be arguing that Kausunda is not suitable, only that she has not gone through the motions of being appointed, which, as the court has just noted, is unnecessary.[7]

---

[6] Given this statement by the Seventh Circuit, the court declines to rely on Long Beach's citation to a statement by another district court that a next friend must be appointed. *O'Toole v. Village of Downer's Grove Police Dep't.*, No. 85 C 7380, 1986 WL 8732, at *6 (N.D. Ill. Aug. 1, 1986)("Charles O'Toole can bring this [civil rights] suit only if his son has been found incompetent and he, Charles, has been appointed guardian of his son's estate or guardian ad litem or next friend for purposes of this lawsuit.").

[7] Indeed, First Capital appears to rely on Illinois law to assert that Kausunda is not properly Eric's legal guardian. However, Rule 17(c) does not require that a next friend be a legal guardian as appointed under the law of the forum state. As noted by one commentator:

> Guardians ad litem appointed by a federal court under the protective provisions of Rule 17(c) need not meet local qualification requirements when representing a person lacking legal capacity in a foreign forum. A similar situation appears to apply to an individual who, without benefit of a formal appointment by a federal

Second, to the extent that Long Beach seeks to have the allegations regarding Eric's competence stricken as immaterial, its motion is denied. Long Beach cannot on the one hand challenge Kausunda's standing to litigate this case on the ground that she has not sufficiently demonstrated that Eric is incompetent and then on the other seek to have the purported "immaterial" competency allegations stricken.

### III. Conclusion

As stated above, a status is scheduled for November 2, 2006 in order for the parties to discuss how to proceed on the standing issue. If the standing issue is resolved in the plaintiff's favor, the court will be prepared to rule expeditiously on the remaining issues presented in the motions to dismiss [18-1 & 20-1].

**ENTER:**

                                                  */s/ Blanche M. Manning*
                                        **Blanche M. Manning**
                                        **United States District Judge**

**DATE:** October 19, 2006

---

court as guardian ad litem, simply initiates an action in federal court on behalf of an incompetent as the incompetent's "next friend." The purported "next friend" who brings suit bears the burden of proving his or her suitability according to three general criteria [noted above] that are independent of the law of the forum state.

4 Moore's Federal Practice, § 17.25[2] (Matthew Bender 3d ed.)(citations omitted).